VAN STRAATEN AND HAVEY, INC., a corporation, and another, complainants,

*v.*

FOREMOST SILK HOSIERY MILLS, INC., a corporation, defendant.

Appeal of 500 Fifth Avenue, Inc., a corporation, a creditor.

[Submitted October term, 1939.  Decided January 25th, 1940.]

*Messrs. Lichtenstein, Schwartz & Friedenberg (Mr. Howard Engel),* for the creditor-appellant.

*Messrs. Pitney, Hardin & Skinner (William H. Osborne, Jr.),* for the receiver-respondent.

The opinion of the court was delivered by

BODINE, J.

The appellant filed a claim for rent to accrue under a written lease made by it with the Foremost Silk Hosiery Mills, Inc., a New Jersey corporation. The rent sought to be recovered accrued subsequent to a receivership proceeding under the Corporation act of this state and after the receiver had relinquished the premises. The receiver's disallowance of the claim was confirmed in the court of chancery and this appeal brings up such ruling.

The action taken in the court below was proper under *Stockton* v. *Mechanics' and Laborers' Savings Bank, 32 N. J. Eq. 163,* and *Block* v. *Bell Furniture Co., 111 N. J. Eq. 551.* The argument is now made that since congress has changed the bankruptcy law, *U. S. C. A. title 11 § 103,* so as to admit proof of rent accruing subsequent to bankruptcy that, therefore, our courts should change an existing rule of law well established in this state without any legislative action affecting our Corporation act merely because of the action of con-

gress, and because in some other respects the provisions of the Bankruptcy act have been followed in the administration of the affairs of insolvent corporations.

We are not inclined to assume to ourselves legislative power since under our constitution the people have made us no such grant.

The action taken in the court of chancery is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.